UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ERIC MARTIN,<br><br>    Petitioner,<br><br>v.<br><br>RAPHAEL WASHINGTON,<br><br>    Respondent. | Case No. 24-11633<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy |

**OPINION & ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, & DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.     Introduction**

Eric Martin ("Petitioner"), a state pre-trial detainee confined at the Wayne County Jail in Detroit, Michigan, has filed a pro se petition for a writ of habeas corpus pursuant to Article 1, § 9 of the United States Constitution. Petitioner states that he is charged with domestic violence arising from an incident in Taylor, Michigan. In his petition, he challenges the validity of his arrest, his bond, his pending state criminal proceedings, and his continued confinement. Because Petitioner is a pre-trial detainee, the Court construes his habeas petition as one brought pursuant to 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981). For the reasons set forth herein, the Court dismisses without prejudice the habeas petition, denies a

certificate of appealability, and denies leave to proceed in forma pauperis on appeal.

## II.     Discussion

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminarily review of a federal habeas case and review whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  If, after initial consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See* Rule 4, Rules Governing § 2254 Cases; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). Cases subject to dismissal under Rule 4 include those that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436-437 (6th Cir. 1999).

A state pretrial detainee may bring a habeas action in federal court pursuant to 28 U.S.C. § 2241 to demand enforcement of the government's affirmative constitutional obligation to bring him promptly to trial or to raise double jeopardy issues, but may not generally seek habeas relief to forestall

2

state prosecution altogether. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 489-491 (1973); *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that, absent extraordinary circumstances, a federal court may not enjoin pending state criminal prosecutions. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted); *see also Doe v. University of Ky.*, 860 F.3d 365, 368 (6th Cir. 2017) (citing *Younger*, 401 U.S. at 44, and stating that "*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity").

Thus, while 28 U.S.C. § 2241 establishes jurisdiction in the federal courts to consider pretrial habeas petitions, the courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner. *Christian*, 739 F.3d at 298; *Atkins*, 644 F.2d at 546. A federal court must abstain from enjoining a state criminal

proceeding if: (1) the state proceeding is ongoing; (2) an important state interest is implicated; and (3) the petitioner has an adequate opportunity in the state judicial proceeding to raise constitutional challenges. *Middlesex Co. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Hill v. Snyder*, 878 F.3d 193, 206 (6th Cir. 2017) (quoting *Squire v. Coughlan*, 469 F.3d 551, 555 (6th Cir. 2006)); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, there is an ongoing state criminal prosecution in the 23rd District Court in Wayne County. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 701 (6th Cir. 2013). Second, state criminal proceedings clearly involve important state interests. *Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000); *see also Younger*, 401 U.S. at 50. Third, the state court proceedings provide an adequate opportunity for Petitioner to raise any federal constitutional challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 16 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary."); *Kelm v. Hyatt*, 44 F.3d 415, 421

4

(6th Cir. 1995). If he does so, and the state trial court denies or otherwise fails to consider his claims, Petitioner may pursue an appeal and/or seek collateral review in the state courts as provided by Michigan law.

Abstention is therefore appropriate unless of one of the three exceptions to the doctrine applies. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975), (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611), or (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions are interpreted narrowly. *Zalman*, 802 F.2d at 205.

Additionally, even if extraordinary circumstances exist to warrant federal court intervention in an ongoing state prosecution, a petitioner must exhaust all available state court remedies before seeking federal habeas relief. *See Braden*, 410 U.S. at 490; *Phillips v. Hamilton Co. Ct. of Common Pleas*, 668 F.3d 804, 809 (6th Cir. 2012); *Atkins*, 644 F.2d at 546.

In this case, Petitioner fails to allege facts which show that any of the exceptions to *Younger* abstention apply and fails to demonstrate that

5

extraordinary circumstances warrant this Court's intervention in his state criminal case. Moreover, Petitioner neither alleges nor establishes that he exhausted available state court remedies before seeking federal habeas relief. This habeas action is therefore premature and must be dismissed.

### III.  Conclusion

For the reasons stated, the Court concludes that Petitioner's challenge to his arrest, his bond, his ongoing state criminal proceedings, and his current confinement in state custody is premature and that he is not entitled to federal habeas relief at this time. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the habeas petition.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b); *Winburn v. Nagy*, 956 F.3d 909, 911-912 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition). A court may grant a certificate of appealability only when a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional

claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). When a court denies relief on procedural grounds, a certificate of appealability should issue if the petitioner demonstrates that reasonable jurists would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id*. Petitioner makes no such showing. Reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed in forma pauperis on appeal. This case is closed.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: August 26, 2024